1  **Marc J. Victor, SBN 016064**
   **Jody L. Broaddus, SBN 020122**
2  MARC J. VICTOR, P.C.
   3185 South Price Road
3  Chandler, Arizona 85248
4  Phone: (480) 755-7110
   Fax: (480) 857-0150
5  Marc@AttorneyForFreedom.com
   Jody@AttorneyForFreedom.com
6  *Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JANE DOE, an individual, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| UNITED STATES OF AMERICA; EDWARD MENDOZA and VANESSA MENDOZA, husband and wife; JAMES R. TOADVINE JR. and VICKI LYNN TOADVINE, husband and wife, | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff Jane Doe ("Plaintiff"), by and through counsel undersigned, for her Complaint against Defendants alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. On the same date as the filing of this Complaint, Plaintiff Jane Doe filed a separate Application to Proceed Under a Pseudonym.

2. Plaintiff is currently a resident of the state of Oregon. At the time of the events alleged herein, Plaintiff was an inmate incarcerated in Federal Prison Camp ("Phoenix FPC") located at 37900 N. 45th Avenue, Phoenix, Arizona 85086.

3. Defendant United States of America is a sovereign that has waived its immunity for certain claims, including the claims set forth herein, and is liable for the acts of its employees and/or agents.

4. At all times material to this Complaint, Defendants Edward Mendoza ("Mendoza") and Vanessa Mendoza were residents of Maricopa County in the State of Arizona and Defendant Mendoza was acting for and on behalf of his marital community with Vanessa Mendoza. Upon information and belief, Defendant Mendoza is currently an inmate with the Federal Bureau of Prisons.

5. At all times material to this Complaint, Defendants James R. Toadvine, Jr. ("Toadvine") and Vicki Lynn Toadvine were residents of Maricopa County in the State of Arizona and Defendant Toadvine was acting for and on behalf of his marital community with Vicki Lynn Toadvine. Upon information and belief, Defendant Toadvine is currently an inmate with the Federal Bureau of Prisons.

6. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.*; 28 U.S.C. §1346, *et seq.*; 42 U.S.C § 1983; and Eighth Amendment of the United States Constitution; and pendent state common and statutory laws.

7. Any and all state law claims contained herein form part of the same case or controversy as gives rise to Plaintiff's federal law claims and therefore fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. The amount in controversy in this matter exceeds the jurisdictional minimum limits set forth in 28 U.S.C. § 1332(a).

9. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 1331, 1332, and 1346.

10. On or about November 3, 2016, Plaintiff timely submitted a claim to the Federal Bureau of Prisons of the United States Department of Justice for injuries and damages arising from the incidents and injuries alleged herein.

11. The acts and omissions giving rise to this Complaint occurred in the State of Arizona.

12. Venue is proper in the District of Arizona, as the acts complained of occurred in this district.

**GENERAL ALLEGATIONS**

13. Plaintiff incorporates by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

14. The Federal Bureau of Prisons ("BOP") is a law enforcement agency of Defendant United States of America ("USA"), and a subdivision of the U.S. Department of Justice. The BOP is responsible for the administration of the federal prison system.

15. At all times relevant hereto, Defendants Mendoza and Toadvine were employed as guards and/or correctional officers by the BOP, and they were assigned to the Phoenix FPC.

16. While incarcerated at the Phoenix FPC, Plaintiff worked in the recreation department where Defendant Toadvine was assigned employment duties by Defendant USA.

17. From January of 2015 through April 2, 2015, Defendant Toadvine assaulted the Plaintiff on several occasions while she was under the custodial, supervisory, and disciplinary authority of the BOP. Defendant Toadvine inappropriately intimidated, coerced, victimized, and assaulted the Plaintiff by, among other things, forcibly kissing her, touching her buttocks, putting his hands underneath Plaintiff's clothes and panties, and inserting his finger into the Plaintiff's vagina. Defendant Toadvine also forced Claimant's hand to touch his erect penis. Defendant Toadvine also represented to Plaintiff that he would follow her upon her release from BOP custody.

18. From approximately January of 2015 through April 2, 2015, Defendant Mendoza assaulted the Plaintiff on several occasions while she was under the custodial, supervisory, and disciplinary authority of the BOP. Defendant Mendoza inappropriately intimidated, coerced,

victimized, and assaulted the Plaintiff by, among other things, directing the Plaintiff to the officer's station where he put his hands down her pants and inserted his fingers into her vagina, forcing oral sex on Plaintiff, forcing Plaintiff's pants down and penetrating her anally with his penis, and instructing her to go to the medical room where he proceeded to have vaginal intercourse with her.

19. From approximately January of 2015 through April 2, 2015, Defendants Mendoza and Toadvine verbally demanded sexual favors and verbally harassed the Plaintiff.

20. At all times, Plaintiff feared retaliation and further abuse if she resisted or reported Defendants Toadvine and Mendoza.

21. Plaintiff did not and could not consent to the sexual acts and assaults by Defendants Toadvine and Mendoza.

22. Defendants Mendoza and Toadvine committed sexual abuse in violation of 18 U.S.C. § 2243(b), by engaging in sexual acts with Plaintiff, who was under the custodial, supervisory, and/or disciplinary authority of Defendants.

23. Defendants Mendoza and Toadvine were criminally charged in connection with their illegal actions, admitted their guilt, and were adjudicated as guilty of sexual abuse. Defendants Mendoza and Toadvine are currently imprisoned in connection with their wrongful acts against the Plaintiff.

24. Further, Defendant USA knew areas of the Phoenix FPC were unsupervised and camera-less, and knew or should have known that correctional officers and guards, including Defendants Mendoza and Toadvine, took inmates, such as the Plaintiff, to unsupervised, camera-less areas of the Phoenix FPC for inappropriate, improper, and illegal purposes.

25. Defendants, and each of them, violated and impeded upon Plaintiff's right to be free from the infliction of cruel and unusual punishment, as guaranteed to her by the Eighth Amendment of the United States Constitution.

26. Defendants, and each of them, failed to safekeep, care, and protect the Plaintiff, who was under the custodial, supervisory, and/or disciplinary authority of Defendants.

27. As a direct result of Defendants' acts and omissions, Plaintiff suffered, and continues to suffer, severe and permanent injuries, mental anguish, distress, embarrassment, humiliation, and damages in an amount to be proven at trial.

## COUNT I

## Violation of Plaintiff's Constitutional Rights

### (Biven's Action)

28. Plaintiff incorporates by reference every paragraph contained above.

29. Plaintiff is entitled to the liberty of being free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the U.S. Constitution.

30. At all material times, Defendants Mendoza and Toadvine were guards and/or correctional officers assigned by Defendant USA to the Phoenix FPC facility, and they were federal agents acting under the color of federal authority.

31. From approximately January of 2015 through April 2, 2015, Defendants Mendoza and Toadvine assaulted the Plaintiff on several occasions while she was under the custodial, supervisory, and disciplinary authority of the BOP, by inappropriately intimidating, coercing, victimizing, and assaulting the Plaintiff.

32. From approximately January of 2015 through April 2, 2015, Defendants Mendoza and Toadvine verbally demanded sexual favors and verbally harassed the Plaintiff.

33. Prison conditions created and maintained by Defendants constitute an assessment of an additional and unreasonable punishment against the Plaintiff.

34. Defendants were deliberately indifferent to the risks of harm to Plaintiff.

35. Defendants' acts against the Plaintiff amount to a deprivation and violation of Plaintiff's constitutional rights, including, but not limited to a deprivation and violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

36. As a direct result of Defendants' acts and omissions, Plaintiff suffered, and continues to suffer, severe and permanent injuries, mental anguish, embarrassment, humiliation, distress, and damages.

37. The acts and conduct of the Defendants, as set forth herein, were done intentionally, with an evil mind and/or with a conscious, calculated and outrageous disregard for the substantial risk of harm to Plaintiff. Defendants' acts were done with malice and/or with a reckless disregard for Plaintiff's protected rights. Defendants' conduct warrants the imposition of punitive and exemplary damages.

38. Defendants' violations of Plaintiff's constitutional rights are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). As a direct and proximate result of the intentional and willful action of Defendants USA, Mendoza, and Toadvine, Plaintiff is entitled to compensatory and actual damages, punitive damages, equitable relief, reasonably attorneys' fees, prejudgment interest, post-judgment interest, costs, and such other relief as the Court deems just and proper.

**COUNT II**

**Negligence**

39. Plaintiff incorporates by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

40. From approximately January of 2015 through April 2, 2015, Defendants Mendoza and Toadvine engaged in inappropriate contact with Plaintiff on several occasions while she was under the custodial, supervisory, and disciplinary authority of the BOP, by inappropriately intimidating, coercing, victimizing, and touching the Plaintiff.

41. From approximately January of 2015 through April 2, 2015, Defendants Mendoza and Toadvine verbally demanded sexual favors and verbally harassed the Plaintiff.

42. Pursuant to 18 U.S.C. § 2243(b), correctional officers and guards are statutorily precluded from engaging in sexual acts with an inmate, such as the Plaintiff.

43. BOP correctional officers and guards, such as Defendants Mendoza and Toadvine, are not lawfully authorized to use their discretion and judgment to engage in sexual acts with inmates while employed by the BOP.

44. The BOP does not give discretion to its correctional officers and guards, such as Defendants Mendoza and Toadvine, to exercise their discretion and judgment to engage in sexual activity with an inmate, such as the Plaintiff.

45. Defendants Mendoza and Toadvine engaged in sexual activity with an inmate in violation of 18 U.S.C. § 2243(b), by engaging in sexual acts with Plaintiff, who was under the custodial, supervisory, and/or disciplinary authority of Defendant USA.

46. Defendants Mendoza and Toadvine are law enforcement officers, for which Defendant USA has waived sovereign immunity for assault, battery, and other intentional torts under 28 U.S.C. § 2680.

47. An institutional climate and/or pattern of sexual abuse of female inmates exists and has existed at the Phoenix FPC prior to the acts of Defendants Mendoza and Toadvine.

48. At all times relevant, Defendants owed a duty of care to Plaintiff, and those similarly situated, of "safekeeping, care . . . [and] protection" pursuant to 18 U.S.C. § 4042(a)(2) and (3), inter alia.

49. Pursuant to BOP Program Statement P5324.11 entitled "Sexually Abusive Behavior Prevention and Intervention Program," (hereinafter "BOP 5324.11"), Defendant USA had a mandatory policy of to have "[s]tandard procedures . . . to detect and prevent sexually abusive behavior at all Bureau and contract facilities."

50.     According to BOP P5324.11, Defendant USA's Sexually Abusive Behavior Prevention and Intervention Program was to detect sexually abusive behavior; prevent it; educate staff to intervene properly and in a timely manner; document, report and investigate reported incidents; and discipline and/or prosecute perpetrators.

51.     The "Program Objectives" of BOP P5324.11 mandate that "[s]taff and inmates are informed of the [BOP's] zero-tolerance philosophy in regards to sexually abusive behavior", and that "[s]tandard procedures are in place to detect and prevent sexually abusive behavior at all [BOP] facilities."

52.     BOP P5324.11 further mandates that "detection requires an awareness by staff of institution or unit climate" and requires that "[t]hrough actively paying attention to[:]  Inmate communications[,] Comments to staff[,] Correctional Services 'confidentials[";] and Isolated or "hot" areas of the institution."

53.     "By observing such factors," BOP P5324.11 advises that "staff are able to better detect sexually abusive behavior, and possibly deter problems before they occur, or before they escalate."

54.     BOP P5324.11 further provides that at each federal BOP facility the Warden "must assign an Institution [Prison Rape Elimination Act] Compliance Manager" for the overall responsibility of the program.

55.     BOP 5324.11 further directs that "[e]ach institution is required to have a current Institution Supplement . . . that reflects the institution's unique characteristics and specifies how each institution will comply with this Program Statement[.]"

56.     At all times relevant hereto, Phoenix FPC failed to have sufficient policies, practices and/or oversight to intentionally detect and/or prevent sexually abusive behavior as required by BOP 5324.11.

57. At all times relevant hereto, Defendant USA failed to detect and prevent sexually abusive behavior against Plaintiff.

58. At all times relevant hereto, Defendant USA knew or should have known of the risks of inmates and employees being permitted into isolated "hot" areas with one BOP employee that could facilitate sexual assaults of inmates, including Plaintiff, yet failed to take proper steps to protect the inmates.

59. Defendants, and each of them, owed duties to Plaintiff to exercise the requisite standard of care and skill ordinarily exercised by similar correctional facilities, institutions, agencies, guards, and correctional officers, and agencies to detect, deter, and prevent sexually abusive behavior and to take reasonable care to control those in their employ.

60. By failing to prevent sexually abusive behavior, Defendants, and each of them, breached their duties of reasonable care owed to Plaintiff and other similarly situated.

61. Defendant USA is negligent in its hiring, supervision, and retention of Defendants Mendoza and Toadvine. Further, Defendant USA was aware of the dangerous propensities of Defendants Mendoza and Toadvine, due to prior reporting of abuse. Despite such knowledge, Defendant USA failed to supervise or monitor said Defendants.

62. Further, Defendant USA is vicariously liable for the acts of Defendants Mendoza and Toadvine.

63. As a direct result of Defendants' negligent acts and omissions, Plaintiff has suffered, and continues to suffer, severe and permanent injuries, mental anguish, embarrassment, humiliation, distress, and damages in an amount to be proven at trial.

**COUNT III**

**Assault and Battery**

64. Plaintiff incorporates by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

65. Defendants Mendoza and Toadvine, acting as agents of Defendant USA, intentionally and unlawfully placed Plaintiff in reasonable apprehension of imminent physical injury and intentionally made offensive physical contact on Plaintiff's person without her consent.

66. Defendants Mendoza and Toadvine exercised an unlawful use of force given the circumstances.

67. Defendants Mendoza and Toadvine, acting as agents for Defendant USA, intended to cause harm or offensive contact with the Plaintiff.

68. Defendants Mendoza and Toadvine did in fact make offensive contact with the Plaintiff.

69. Pursuant to 18 U.S.C. § 2243(b), correctional officers and guards are statutorily precluded from sexually assaulting an inmate, such as the Plaintiff, and they have no lawful authority to use their discretion and judgment to sexually assault inmates, such as the Plaintiff.

70. Defendants Mendoza and Toadvine sexually assaulted Plaintiff in violation of 18 U.S.C. § 2243(b).

71. Defendants Mendoza and Toadvine are law enforcement officers, for which Defendant has waived sovereign immunity for assault, battery, and other intentional torts under 28 U.S.C. § 2680.

72. Defendant USA is vicariously liable for the acts of Defendants Mendoza and Toadvine.

73. As a direct result of Defendants' negligent acts and omissions, Plaintiff suffered, and continues to suffer, severe and permanent injuries, mental anguish, embarrassment, humiliation, distress, and damages in an amount to be proven at trial.

## COUNT IV

### Negligent and Intentional Infliction of Emotional Distress

74. Plaintiff incorporates by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

75. Plaintiff was subjected to multiple acts of intimidation, coercion, victimization, and sexual assault from the Defendants Mendoza and Toadvine, thereby causing the Plaintiff physical and mental injuries.

76. From approximately January of 2015 through April 2, 2015, Defendants Mendoza and Toadvine verbally demanded sexual favors and verbally harassed the Plaintiff.

77. Defendants' actions described herein were extreme and outrageous and they violated Plaintiff's basic human, democratic, and constitutional rights.

78. Defendants Mendoza and Toadvine negligently and/or intentionally caused severe emotional distress to Plaintiff by their extreme, outrageous, and indifferent conduct.

79. Defendant USA is vicariously liable for the acts of Defendants Mendoza and Toadvine.

80. As a direct result of Defendants' negligent acts and omissions, Plaintiff suffered, and continues to suffer, severe and permanent injuries, mental anguish, embarrassment, humiliation, distress, and damages in an amount to be proven at trial.

**JURY TRIAL**

81. Plaintiff hereby request and demand a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff requests damages and judgment against Defendants which includes the following:

a) General, compensatory, and special damages in an amount to be proved at trial;

b) Punitive damages in an amount deemed just and reasonable;

c) Attorneys' fees and costs;

d) Such other and further relief which may seem just and reasonable under the circumstances.

RESPECTFULLY SUBMITTED this 23rd day of June, 2017.

MARC J. VICTOR, P.C.

By: */s/ Jody L. Broaddus*
Marc J. Victor, Esq.
Jody L. Broaddus, Esq.
*Attorneys for Plaintiff*