# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, | No. CV-17-01991-PHX-PGR (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

On June 23, 2017, Plaintiff Jane Doe initiated this action by filing her Complaint against Defendants United States of America, Edward Mendoza, Vanessa Mendoza, James R. Toadvine, Jr., and Vicki Lynn Toadvine. (Doc. 1.) Plaintiff simultaneously filed a Motion to Proceed Under a Pseudonym, which is currently pending before the Court. (Doc. 2.)[1] Defendant United States has filed a Response declining to object to Plaintiff's Motion. (Doc. 20.) The Court will grant Plaintiff's Motion.

**I.   Background.**

Plaintiff is currently a resident of the state of Oregon, but at the time of the alleged events, Plaintiff was an inmate incarcerated in Federal Prison Camp ("Phoenix FPC") located at 37900 N. 45th Avenue, Phoenix, Arizona 85086. (Doc. 2 at 2.) Plaintiff alleges that, while at Phoenix FPC, she "was sexually assaulted and victimized on a repeated basis by Defendants Edward Mendoza and James Toadvine." (*Id.*) Defendants Mendoza

---

[1] Plaintiff also submits, under seal, a proposed declaration in support of her Motion. (Doc. 6.) The Court will grant Plaintiff's Motion to Seal her Declaration.

and Toadvine are currently incarcerated in connection with their criminal conduct that victimized Plaintiff. (*Id.*)

**II.   Legal Standard.**

A plaintiff s use of a fictitious name "runs afoul of the public's common law right of access to judicial proceedings . . . and [Fed. R. Civ. P.] 10(a)'s command that the title of every complaint 'include the names of all the parties[.]'" *Does 1 thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). However, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. Where there is a risk of retaliation, the Court should evaluate "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (citations omitted).

**III.   Discussion.**

"Plaintiff seeks to remain anonymous because of the sensitive nature of the issues involved, because she is a victim of sexual crimes, and to ensure her physical safety and emotional well-being." (*Id.* at 1-2.) In their Response, Defendants do not object to Plaintiff's request, and concede that:

> Although the Ninth Circuit "has not adopted any specific set of factors that courts must consider when a plaintiff requests anonymity based on the alleged humiliation, embarrassment or mental distress that she will suffer by public disclosure of her identity." *Doe v. JB RAK LLC*, 2014 WL 5286512, at *4 (D. Nev. Oct. 15, 2014), it has been recognized that "Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault and rape," *Doe v. Rose,* 2016 WL 913765, at *1 (C.D. Cal. June 6, 2016).

(Doc. 20 at 2.)

The Court finds that keeping Plaintiff's identity anonymous will not prejudice Defendants, and the public will not be prevented from observing the proceedings or rulings of the Court. Accordingly, the Court will grant Plaintiff's Motion to Proceed Under a Pseudonym. *See Does 1 thru XXIII*, 214 F.3d at 1068.

**IT IS ORDERED**:

1. Plaintiff's Motion to Proceed Under a Pseudonym (doc. 2) is **granted**.

2. Plaintiff's Motion to Seal her Declaration In Support of the Motion to Proceed Under a Pseudonym (doc. 6) is **granted**.

2. Defendant United States of America, having responded to Plaintiff's Motion, has appeared in this action for service purposes, and is directed to file an answer to Plaintiff's Complaint (doc. 1) in accordance with the Federal Rules of Civil Procedure.

3. As of the date of this order, Plaintiff does not appear to have served Defendants Mendoza or Toadvine. Plaintiff must effect service of Defendants Mendoza and Toadvine in compliance with the Court's July 10, 2017 Order (doc. 11) and the Federal Rules of Civil Procedure.

Dated this 18th day of September, 2017.

Honorable John Z. Boyle
United States Magistrate Judge